Filed 5/16/14  Marriage of Sherr CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re the Marriage of CYNTHIA GAYLE and DAVID BRIAN SHERR. | C070012 |
| CYNTHIA GAYLE SHERR, Respondent, v. DAVID BRIAN SHERR, Appellant. | (Super. Ct. No. 09FL05503) |

Wife sought a trial court order establishing child and spousal support arrearages, awarding the exclusive use and possession of personal property, and awarding attorney fees.  Husband did not file a timely response to wife's motion.  After the trial court rejected Husband's late attempt to file a response and entered an order in Wife's favor on all three issues, Husband sought relief from the late filing, which the trial court rejected.  On appeal, Husband contends that the trial court abused its discretion by not granting relief from the late filing and erred in various aspects of the order.

1

We conclude the trial court did not abuse its discretion in denying relief from the late filing. We also conclude that Husband's contentions concerning the merits of the order are forfeited or without merit.[1]

BACKGROUND

Cynthia and David Sherr (Wife and Husband) married in 1989 and have four daughters. Wife filed a petition to dissolve the marriage in 2009, and they separated on March 10, 2011. The parties stipulated to an order requiring Husband to pay $486 in spousal support and $1,987 in child support each month starting in May 2011.

After proceedings not challenged in this appeal, Wife, on September 27, 2011, filed a motion seeking:

(1) exclusive use and possession of (a) a Lexus, (b) a Dodge truck, and (c) a boat and trailer,

(2) to establish support arrearages totaling $11,152, and

(3) for attorney fees under Family Code sections 271 and 2030.

She stated that she needed the vehicles for transportation and desired to sell the boat and trailer to pay living expenses and attorney fees. The hearing was set for October 26, 2011, and Wife served the notice of hearing on Husband.

On October 6, 2011, the trial court granted Wife's request for a domestic violence restraining order, requiring Husband to stay away from Wife for three years.

Husband stated his response was due on October 12, 2011, but Husband failed to file a timely response on the merits to Wife's September 27, 2011, motion. (Code Civ. Proc., § 1005, subd. (b).)

On October 21, 2011, five days before the scheduled hearing, Husband filed an ex parte application to continue the hearing scheduled for October 26, 2011, with counsel

---

[1]    Wife did not file a respondent's brief on appeal.

2

claiming that he and Husband had not had time to draft a response. The trial court denied the ex parte application.

Also on October 21, 2011, Husband filed a belated responsive declaration to Wife's motion without leave to file it late. The response was limited to an argument that Wife's notice of the motion was defective.

On October 24, 2011, two days before the scheduled hearing, the court issued a tentative ruling on the motion, in which the court granted Wife's motion (1) to establish arrearages of $11,152 (requiring payment of $1,000 per month until paid in full), (2) to sell the boat and trailer, (3) for control of the Lexus, and (4) for an award to Wife of $3,457 in attorney fees. The tentative ruling denied Wife's motion for control of the Dodge truck.

On October 25, 2011, one day after the tentative ruling and one day before the scheduled hearing, Husband belatedly filed another responsive declaration without leave to file it late. He requested that all property remain as situated pending trial on property issues. In his attached declaration, Husband claimed that Wife had sold personal property including guns and coins and had used cash (with a total value for the property and cash of $58,491.81) that had been in a safe at the parties' home. Husband also attached an income and expense declaration (not filed separately). Husband claimed for the first time (in the current record on appeal) that he had no income. Finally, Husband conceded that he was in arrears on child and spousal support payments.

At the October, 26, 2011, hearing, the trial court denied Husband's request to consider the responsive declaration filed the day before. The court modified the tentative ruling to make the arrearages payable at $500 per month, but in all remaining aspects the court affirmed the tentative ruling and denied Husband's request to stay the order.

Also at the October 26, 2011, hearing, Husband's counsel was fined $500 for using coarse language. In a later order, the trial court noted that "compounding the

3

parties' dissolution process was an evident lack of professional civility by [Husband's] counsel." (Husband is no longer represented by that attorney.)

On October 27, 2011, Husband filed a motion for relief under Code of Civil Procedure section 473 for the late filing of the responsive declaration and for reconsideration of the orders entered the prior day. The motion was set for a hearing on November 28, 2011.

On November 4, 2011, Wife filed an income and expense declaration. She declared that she had income of $1,400 and expenses of $4,748 per month.

On November 10, 2011, Wife responded to Husband's motion, requesting that the current orders remain in effect. Concerning the property and cash from the safe, Wife gave an accounting of what the money was used for, including attorney fees, mortgage payments, other bills, and living expenses.

On November 28, 2011, the court held a hearing on Husband's motion. It denied the motion for relief from the late filing of the responsive declaration, and it granted the motion for reconsideration. However, it appears that the only change to the October 26, 2011, order was that support arrearages would be determined at trial. Husband was still ordered to pay $500 per month against the arrearages.

Husband filed a notice of appeal from the October 26 and November 28, 2011, orders.

On December 27, 2011, Husband, having retained a new attorney, filed a request to stay the proceedings pending appeal. On January 3, 2012, the trial court granted the request, subject to the condition that Husband deposit with the court both cash and property.

DISCUSSION

I

*Motion for Relief under Code of Civil Procedure section 473*

Husband contends the trial court abused its discretion by not granting his motion for relief from the late filing of his response to Wife's September 27, 2011, motion.**2**  The contention is without merit.

Under Code of Civil Procedure section 473 (§ 473), a party may bring a motion for relief from a "judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."  (§ 473, subd. (b).)  A party's neglect is excusable only if a reasonably prudent person in similar circumstances might have made the same error.  (*Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 276.)

"The standard for appellate review of an order denying a motion to set aside under section 473 is quite limited.  A ruling on such a motion rests within the sound discretion of the trial court, and will not be disturbed on appeal in the absence of a clear showing of abuse of discretion, resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice.  Where a trial court has discretionary power to decide an issue, an appellate court is not authorized to substitute its judgment of the correct result for the decision of the trial court.  [Citations.]  . . .  The burden is on the complaining party to establish abuse of discretion, and the showing on appeal is insufficient if it presents a state of facts which simply affords an opportunity for a difference of opinion.  [Citation.]" (*In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 118.)

Here, Husband argues that the trial court's denial of the motion for relief under section 473 was an abuse of discretion because Husband's counsel believed he could

---

**2**     Husband places this contention last in his opening brief.  We address it first because it affects the resolution of Husband's other contentions.

5

obtain a continuance of the hearing simply by filing an ex parte request. Counsel declared, in support of the section 473 motion, that "the belated filing of [Husband's] responsive declaration was due to [the trial court's] denial of [Husband's] counsel's ex parte request to continue the hearing . . . ." Counsel claimed that, on the day the response was due, he was in the second day of a four-day trial. By counsel's own admission, however, the ex parte request to continue the hearing was filed nine days after the response to the motion was due. Furthermore, a second responsive declaration was filed one day after the court had already issued a tentative ruling on the motion.

Under these facts, the trial court was justified in concluding that Husband was not entitled to relief under section 473. Even if counsel was in trial at the time the response was due, it could have been filed before the short trial, or counsel could have sought a continuance then, rather than waiting until much later. Counsel's neglect in failing to respond to the motion in a timely manner was not excusable. It was not merely an oversight.

Therefore, the trial court was not required to consider Husband's belated response on the merits of Wife's motion or to grant Husband relief from his late filing under section 473.[3]

Husband, on appeal, properly contends only that the trial court failed to grant discretionary (not mandatory) relief from default. Under the discretionary relief provision of section 473, the party seeking relief must show that any neglect was excusable. Here, the neglect was not excusable.

---

[3] Even though the trial court denied the motion for relief from the late filing, it acknowledged in its ruling that it "considered [the Oct. 25 late filing] at the October 26 hearing as it pertained to the vehicles[,] particularly, the Lexus, marine vessel and trailer." Husband notes this selective reliance on the late-filed papers, but he does not argue that such selective reliance required the trial court to consider everything else contained in the late filing.

6

"Section 473, subdivision (b) provides for two distinct types of relief -- commonly differentiated as 'discretionary' and 'mandatory' -- from certain prior actions or proceedings in the trial court. 'Under the discretionary relief provision, on a showing of "mistake, inadvertence, surprise, or excusable neglect," the court has discretion to allow relief from a "judgment, dismissal, order, or other proceeding taken against" a party or his or her attorney. Under the mandatory relief provision, on the other hand, upon a showing by attorney declaration of "mistake, inadvertence, surprise, or neglect," the court shall vacate any "resulting default judgment or dismissal entered." '[4] [Citation.] Applications seeking relief under the mandatory provision of section 473 must be 'accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect.' (§ 473, subd. (b).) The mandatory provision further adds that 'whenever relief is granted based on an attorney's affidavit of fault [the court shall] direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties.' [Citation.]" (*Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1124.)

On appeal, Husband cites no authority that mandatory relief under section 473 should have been granted based on an attorney's declaration of fault. He does not even quote the part of section 473, subdivision (b) that provides for mandatory relief; he

---

**4**     The mandatory relief provision of section 473, subdivision (b) states: "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect. The court shall, whenever relief is granted based on an attorney's affidavit of fault, direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties. . . ." (§ 473, subd. (b).)

quotes only the part that provides discretionary relief. (*Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794 [appellate court may treat as forfeited any contention not support by authority].) Because Husband properly argues on appeal only that discretionary relief under section 473 should have been granted, we need not consider whether mandatory relief under section 473 should have been granted.[5]

Since Husband fails to establish on appeal that the neglect was excusable, we find that the trial court did not abuse its discretion in denying relief.

II

*Award of Exclusive Use and Possession of Personal Property*

Freely relying on the evidence in Husband's response, which the trial court determined would not be considered because the response was late, Husband claims the trial court had no authority to award Wife exclusive use and possession of any personal property. He asserts that, "given her dissipation of almost $60,000 in the previous five months," the trial court could not award the personal property to Wife because it might interfere with equal division of community property in the future. This assertion is without merit because it is based on evidence in the late response.

---

[5] We note that, in one of his declarations in the trial court, Husband's attorney sought "relief pursuant to [] Section 473 for the *mistake and surprise* resulting from [the trial] court's rulings regarding a continuance . . . ." (Italics added.) Husband's attorney also stated: "In as much as the tardy filing of [Husband's] Responsive Declaration was due solely to the actions of [Husband's] attorney, relief pursuant to [] section 473(b) of the Court's order denying consideration of [Husband's] Responsive Declaration filed on October 25, 2011, would appear to be warranted." The trial court, in its ruling on the motion for relief, concluded that Husband's motion "does not establish any factual basis upon which [the trial] court could properly grant relief pursuant to [] section 473." We presume this means that the trial court found, as a factual matter, that there was no mistake or surprise involved in the lateness of the filing. In any event, as we stated above, Husband does not rely on the mandatory relief provision of section 473 on appeal.

8

Under the heading in his opening brief, Husband argues: (1) the court must divide community property equally, (2) the court could not allow Wife to sell the boat and trailer without ensuring that it would be able to equalize the distribution of property later, (3) the court could not award the property as past due support, and (4) the court could not award the property as a deposit on future support payments.

Because Husband did not file a timely response to Wife's motion, these arguments were not made in the trial court, and they were not preserved for appeal. (See *Karlsson v. Ford Motor Co.* (2006) 140 Cal.App.4th 1202, 1216-1217 [issues not raised in trial court forfeited on appeal].) Furthermore, the arguments rely on evidence submitted in Husband's late response. Therefore, the arguments fail because there is no evidence to support them.

In any event, legal precedent and common sense allow that community property assets may have to be depleted during the course of dissolution proceedings if income is insufficient to meet reasonable expenses. (See *Auclair v. Auclair* (1946) 72 Cal.App.2d 791, 800-801 [community property may be consumed by expenses]; Fam. Code, § 2045, subd. (a) [recognizing the use of property to provide necessities of life].)

III

*Considerations in Awarding Support Arrearages*

Husband contends the trial court erred by failing to consider two circumstances in awarding support arrearages to Wife: (1) Husband's late-filed income and expense declaration stating that he had no income and (2) Husband's late-filed declaration that Wife had spent almost $60,000. Again, this contention assumes that the trial court was required to consider Husband's late-filed papers. Since the trial court did not err by refusing to consider Husband's late filings, this contention has no factual basis.

In any event, Husband offers no authority for the proposition that the trial court was required to consider the money spent by Wife in determining support obligations.

9

We may treat as forfeited any contention for which the brief does not provide citation to authority. (*Amato v. Mercury Casualty Co., supra,* 18 Cal.App.4th at p. 1794.)

IV

*Attorney Fees*

In her motion filed September 27, 2011, Wife requested an award of attorney fees under Family Code sections 271 and 2030. The court awarded $3,457 in attorney fees. Husband contends the award was improper because (1) Wife did not file an income and expense declaration before the award was made, (2) the award was statutorily unauthorized, and (3) the court did not properly exercise its discretion. The contentions are without merit.

A.    *Failure to File Income and Expense Declaration*

The record on appeal provided by Husband shows no income and expense declaration filed by Wife until November 4, 2011, which was after the trial court awarded attorney fees. In his belated responsive declaration, Husband suggested the motion for attorney fees should be denied because Wife did not file "an updated income and expense declaration," but Husband cited no authority for that proposition. As noted, the trial court awarded attorney fees to Wife.

On appeal, Husband contends that, at the time of the attorney fees award, the California Rules of Court required the party seeking an award of attorney fees to provide a current income and expense declaration. (Cal. Rules of Court, former rule 5.128; see also current rule 5.427.) Although he did not raise the issue until his late filing, which was not considered by the court, Husband claims "the court was required to recognize this inherent flaw in [Wife's] request for fees . . . ." He provides no authority suggesting the trial court has this duty to discover, on its own, this "inherent flaw." (Contra, *Burkle v. Burkle* (2006) 144 Cal.App.4th 387, 403 [income and expense declaration requirement not jurisdictional, and reversible only on showing of prejudice].) We reject Husband's contention that the trial court improperly awarded attorney fees without a current income

10

and expense declaration from Wife because he did not properly raise the objection in the trial court; the filing was late, and it offered no authority for the objection.

B.      *Statutory Authorization*

Husband contends the record does not support a finding the attorney fees award was proper under Family Code section 271 or 2030. We reject this contention because, as we have already noted, he did not properly object to the award in the trial court.

"In order to preserve an issue for appeal, a party ordinarily must raise the objection in the trial court. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) 'The rule that contentions not raised in the trial court will not be considered on appeal is founded on considerations of fairness to the court and opposing party, and on the practical need for an orderly and efficient administration of the law.' (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468; accord, *In re Dakota S.* (2000) 85 Cal.App.4th 494, 501.) Otherwise, opposing parties and trial courts would be deprived of opportunities to correct alleged errors, and parties and appellate courts would be required to deplete costly resources 'to address purported errors which could have been rectified in the trial court had an objection been made.' (*People v. Gibson, supra,* 27 Cal.App.4th at pp. 1468, 1469.) In addition, it is inappropriate to allow any party to 'trifle with the courts by standing silently by, thus permitting the proceedings to reach a conclusion in which the party could acquiesce if favorable and avoid if unfavorable.' (*In re Urayna L.* (1999) 75 Cal.App.4th 883, 886.)" (*In re S.C.* (2006) 138 Cal.App.4th 396, 406.)

By failing to make a timely response and objection to the requested award of attorney fees, Husband forfeited review of the issue.

C.      *Exercise of Discretion*

Finally, Husband contends the record does not establish that the trial court properly considered the relevant factors in exercising its discretion to award attorney fees. This contention is also forfeited on appeal because Husband did not challenge the request for attorney fees in a timely manner.

11

## DISPOSITION

The order is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


                                                        NICHOLSON        , Acting P. J.


We concur:


      HULL              , J.


      MURRAY          , J.